Kathryn N. Nester (UT #13967)
NESTER LEWIS PLLC
50 W. Broadway, Ste. 300
Salt Lake City, UT 84101
(801) 535-4375
kathy@nesterlewis.com
ATTORNEY FOR JAMES WOLFGRAMM

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| UNITED STATES OF AMERICA, Plaintiff, v. JAMES WOLFGRAMM, Defendant. | STIPULATED MOTION TO CONTINUE TRIAL  CASE NO. 2:22-CR-00002-HCN  Honorable Howard C. Nielson, Jr. |
|---|---|

COMES NOW Defendant James Wolfgramm, pursuant to the Speedy Trial Act and DUCrimR 12-1(l), and respectfully moves this Honorable Court to continue his trial for one hundred and eighty (180) additional days and to reset the motion deadline accordingly in the above-styled matter. In making this request, Mr. Wolfgramm is waiving his right to a speedy trial and acknowledging that all time elapsing between the filing of this motion and the new trial date will be excluded from his time calculation pursuant to the Speedy Trial Act. The government is stipulating to this motion. The grounds in support of this motion are as follows:

1. Mr. Wolfgramm was charged by Indictment on September 21, 2022, Mr. Wolfgramm appeared for his initial appearance and arraignment in the

1

above-styled matter and entered a plea of not guilty to all Counts in the Indictment filed on October 21, 2022.

2. During the arraignment, the Magistrate Judge set a trial date of December 27, 2022.

3. The trial of this matter cannot be completed within the time originally allotted for the following specific reasons:

    a. To date, the government has produced thousands of pages of discovery materials to the defense including bank records, business records, investigative reports, surveillance reports, and witness interviews. To date, defense counsel has spent significant time reviewing the discovery materials; however, the review of all discovery materials is still not complete. In addition to the sheer quantity of discovery materials, this case involves multiple lawsuits in different courts and will require the interviews of over one hundred witnesses. All of these discovery materials and the subsequent investigation thereof must be completed, reviewed and analyzed by defense counsel and the current trial date will not allow sufficient time to do so. Therefore, pursuant to 18 U.S.C. §3161(h)(7)(B)(ii), this case qualifies as complex and a continuance is justified due to the complexity of the case. Furthermore, pursuant to 18 U.S.C. §3181(h)(7)(B)(iv), a continuance is justified to enable counsel to effectively prepare for trial.

    b. The government and defense counsel have not yet been able to discuss any potential offers to resolve the case without a trial due to the fact that counsel is still reviewing the discovery materials. Counsel will need additional time to evaluate any and all offers made and properly advise Mr. Wolfgramm about the impact of any offers made in order to comply with the requirement of effective assistance of counsel during the plea bargaining process as required by *Lafler v. Cooper,* 132 S. Ct. 1376 (2012) and *Missouri v. Frye,* 132 S. Ct. 1399 (2012).

    c. Proceeding to trial without giving defense counsel an opportunity to complete a full review and independent investigation of the evidence, hire any necessary experts and fully discuss any proposed plea agreements with Mr. Wolfgramm would deny counsel for the defendant the reasonable time necessary for effective representation, taking into account the exercise of due diligence, and would result in a miscarriage of justice.

4. Section 3161(h) of Title 18 of the United States Code excludes certain periods of time in calculating the 70 days until a speedy trial is due. That includes delay resulting from a continuance if the court finds "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). The court must "set[] forth . . . either orally or in writing, its reasons" for the finding. *Id.* The court "shall consider" the following factors, "among others":

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> …
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the existence of due diligence.
>
> U.S.C. § 3161(h)(7)(B)(i,iv).

5. Based on paragraphs 1-3 above, the ends of justice served by a continuance outweigh the best interest of the public and the defendant in a speedy trial and a continuance of 180 days is justified.

6. No previous motions for continuance have been filed in this matter and no parties will suffer any prejudice if this case is delayed for an additional 180 days.

7. Because the review of discovery materials is not yet complete, Mr. Wolfgramm will need additional time to file motions in this case. Mr. Wolfgramm is seeking a new motion date at least one hundred and twenty (120) days from now to ensure that the review of discovery materials will be complete before he prepares his pretrial motions.

8. Mr. Wolfgramm has been notified of the filing of this motion and consents to same. He understands and agrees that the time elapsing between now

and his new trial date will not be included in the calculation of the elapsed time under the Speedy Trial Act.

9. The government has confirmed they stipulate to this motion.

10. For purposes of computing the date under the Speedy Trial Act by which the Defendant's trial must commence, the defendant agrees that the time period of December 27, 2022, to the new trial date, should be excluded pursuant to 18 U.S.C. § 3161(h)(7)(A), (B)(i), and (B)(iv) because the delay results from a continuance granted by the Court at the Defendant's request, with no opposition from the Government, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.[1]

---

[1] Nothing in this motion shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

Therefore, Mr. Wolfgramm respectfully moves this Honorable Court to continue the trial of this matter for 180 additional days and to reset a motion deadline 120 days from now.

DATED this 17th day of November, 2022.

Respectfully submitted,

/s/ Kathryn N. Nester
Kathryn N. Nester
ATTORNEY FOR JAMES WOLFGRAMM
