IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | : : : : | Case No. 2:22-CR-0002 HCN  ORDER EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT |
| vs. | : : : | |
| JAMES WOLFGRAMM, et al., Defendants. | : : : : : | Judge Howard C. Nielson, Jr. Judge Jared C. Bennett |

Based on the Hearing on January 22, 2024, with good cause having been shown, the Court makes the following findings:

1. On January 6, 2022, the United States filed a felony information in anticipation of a plea of guilty by the defendant, James Wolfgramm.[1] The change of plea never occurred.

2. On September 21, 2022, the grand jury returned an Indictment against Defendant James Wolfgram, and other named defendants in this case (Bitex, Ohana Capital Financial).[2] On October 21, 2022, the Court arraigned

---
[1] Doc. No. 1.
[2] Doc. No. 15.

defendant Wolfgramm and defendant Bitex on the Indictment.[3] At the present time, no counsel has appeared on behalf of defendant Ohana Capital Financial.

3. At the arraignment, the Court set an initial discovery deadline of October 28, 2022, and set the case for a ten-day jury trial on December 27, 2022.[4]

4. On November 17, 2022, defendant filed a stipulated motion to continue the trial date.[5] Counsel requested a continuance for 180 days and acknowledged that Defendant Wolfgramm was "waiving his right to a speedy trial and acknowledging that all time elapsing between the filing of this motion and the new trial date will be excluded from his time calculation pursuant to the Speedy Trial Act."[6] The reasons included that the government produced "thousands of pages of discovery materials to the defense;" the "multiple lawsuits in different courts and will required the interviews of over one hundred witnesses;" and that the case qualified as complex under 18 U.S.C. § 3161(h)(7)(B)(ii).[7] Counsel also noted that a continuance was justified to enable counsel to effectively prepare for trial under 18 U.S.C. § 3161(h)(7)(B)(iv).[8] Counsel requested a motion date at least 120 days out from the filing, and indicated that the continuance outweighed the interest of

---

[3] Doc. No. 24. (Phillip Jones appeared on behalf of Bitex, but is acting as a representative of the bankruptcy trustee).
[4] *Id.*
[5] Doc. No. 33.
[6] *Id.* at 1.
[7] *Id.* at 2.
[8] *Id.*

the public and defendant in a speedy trial.[9] From the date of arraignment, to the date of the filing of defendant's motion to continue, 27 days had elapsed.

5. On December 2, 2022, the Court held a status conference in this case.[10] The Court held a discussion about the complexity of the case. The parties noted that many terabytes of documents had already been provided to the defendant for review. The parties further noted the large number of potential witnesses for investigation by the defense. Furthermore, the parties noted that a grand jury subpoena had further provided approximately 16 bankers boxes of documents that had been scanned and produced to defendant for further review. The Court also ordered time excluded in this case from November 17, 2023 through to February 7, 2023.[11]

6. On February 13, 2023, the Court held a status conference in this case.[12] During that hearing, the Court held a further discussion about the complexity of the case. The parties noted that there was voluminous discovery, including 16 bankers boxes of documents that the U.S. Attorney's Office was currently scanning and going through prior to production. Defense counsel discussed her trial schedule, which includes a trial in March. The parties requested a further status conference in 120 days. The parties also noted that the case

---

[9] *Id.* at 4.
[10] Doc. No. 38.
[11] Doc. No. 40.
[12] Doc No. 45.

continues to be complex. As of the date of this hearing, 34 days had passed under the Speedy Trial Act (27 days from October 21, 2022 to November 17, 2022 and 7 days from February 6, 2023 to February 13, 2023).

7. On May 25, 2023, the Court held a status conference in this case.[13] During the hearing, the Court held a further discussion about the current posture of the case. The parties noted that defense was currently synthesizing the discovery in the government' case and had received voluminous discovery, including the scanned copies of the many bankers boxes. The parties requested a further status conference in 120 days. The Court noted that the case has already been designated complex, with several companies involved, multiple civil litigation matters with similar parties involved, and similar witnesses for the criminal litigation. Further, the Court noted that thousands of pages of documents had been turned over, including about almost a terabyte of information. Because of these reasons, and because the case continues to be complex, the Court ordered a further status conference on September 28, 2023.

8. On September 28, 2023, the Court held a status conference in this case.[14] During the hearing, the Court held a further discussion about the current posture of the case. The parties noted that defense had provided 16 bankers boxes full of documents, which the government had scanned and returned

---

[13] Doc. No. 52.
[14] Doc. No. 57.

back to the defense. The defense is also currently putting together a proposed resolution and will provide that to the government in the next few weeks. The parties requested a further status conference in January 2024. The Court noted that the case has already been designated complex, with several companies involved, multiple civil litigation matters with similar parties involved, and similar witnesses for the criminal litigation. Additionally, the parties discussed that there would likely be more than 50 witnesses for this trial, from different parts of the country. Further, the Court noted that almost a terabyte of information had been turned over, including the recent scanning of 16 bankers boxes of documents. Because of these reasons, and because the case continues to be complex, the Court ordered a further status conference on January 4, 2024.

9. On January 4, 2024, the Court heard a petition to revoke defendant's pre-trial release and set a hearing for January 18, 2024.[15]

10. On January 18, 2024, the Court held a hearing relating to whether to revoke defendant's pre-trial release. At that hearing, the Court heard testimony and ultimately concluded that probable cause existed that the defendant committed a federal, state or local crime. The Court then ordered defendant on home detention.[16]

---

[15] Doc. No. 63 & 65.
[16] Doc. No. 68.

11. On January 22, 2024, the Court held a status conference in this case. During the hearing, the Court held a discussion about the current posture of the case.[17] The defense noted that it had put together a proposed resolution and had recently provided that to the government for consideration. Defense counsel had several trials set for April 2024, and will be out of the country in June 2024. Government counsel had complicated trials set for March 2024 and a three-week trial set for May 2024. Government counsel will also be on detail out of the country from the beginning of July 2024 to October 2024. Thus, based on the discovery, counsels' trial schedules, and both counsel being out of the country at various points, the parties requested a trial date in late October 2024. Additionally, the parties discussed that there are at least 100 reported victims and witnesses, and likely more than 30 potential trial witnesses that defense counsel has not had the opportunity to interview at this point. Some of these witnesses are from different parts of the country. Further, the Court noted that almost a terabyte of information had been turned over. Because of these reasons, and because the case continues to be complex, the Court set a trial date of October 29, 2024 and a motion deadline of September

---

[17] Doc. No. 70.

9, 2024. As of the date of this filing, 38 days have passed under the Speedy Trial Act.[18]

12. As noted by the Court and the parties, the discovery in this case is voluminous, including thousands of documents, scanned information relating to businesses and business formation, surveillance reports, more than a hundred interview reports, along with other pertinent information provided to the defendant. Currently, there are approximately 7,000 documents with more than 100,000 pages already produced. Additionally, the parties anticipate between 30-50 witnesses for trial.

13. As this case involves several defendants (one defendant and two corporate defendants) alleged to have committed several substantive offenses, along with the extremely voluminous discovery, this case should continue to be designated as complex. Additionally, the Court noted that this is a complex case, on the record, on December 2, 2022, February 13, 2023, May 25, 2023, and September 28, 2023.

14. Based on this extremely voluminous discovery, the complex nature of the case, and the complexity of the corporate defendants, the application of the

---

[18] Previously, 34 days had passed under the Speedy Trial Act as of January 4, 2024. Given the pending pre-trial release petition from January 4, 2024 to January 18, 2024, the time was tolled because of this petition to revoke release. That petition was dealt with on January 18, 2024. From January 18, 2024 to January 22, 2024, 4 days passed under the Speedy Trial Act.

factors laid out in 18 U.S.C. § 3161(h)(7)(B)(i), (ii) and (iv) are appropriate in this case.

15. Failure to grant exclusion of time would deny defense counsel the reasonable time necessary for effective preparation of a defense, including full review of the extremely voluminous discovery, and interviews of more than 30 potential witnesses, and adequate preparation or evaluation of potential pre-trial motions, taking into account the exercise of due diligence, pursuant to 18 U.S.C. § 3161(h)(7)(A).

16. The period of time involved in the requested continuance is excludable from the Speed Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A) *et seq.*, based on the fact that the ends of justice served by granting the continuance – based on the reasons outlined above – and outweigh the best interest of the public and the defendant in a speedy trial.

17. No defendant at the January 22, 2024 status conference, through their attorney, objected to the continuance or exclusion of time under the factors outlined above. Furthermore, no defendant has sought severance from their co-defendants.

Based on the foregoing finding, good cause appearing, it is hereby ORDERED:

The time between the date of the status conference, January 22, 2024, and the trial date (October 29, 2024) is excluded under the Speedy Trial Act, pursuant to 18

U.S.C. §§ 3161(h)(6) & (7). The Court finds that this case should continue be designated complex, based on the extremely voluminous discovery, the complexity of the case, and the complex issue relating to the two corporate defendants, pursuant to 18 U.S.C. § 3161(h)(B)(7)(ii). The Court also finds the ends of justice served by the continuance outweigh the best interest of the public and the defendants in a speedy trial pursuant to 18 U.S.C. § 3161(h)(7)(B)(iv). The Court makes this finding based on the trial schedule for the parties, along with the numerous witnesses that defense counsel is now seeking to interview before the trial. The Court makes these findings because a failure to exclude time may prevent the defendants from adequately reviewing the voluminous discovery, preparing and interviewing numerous witnesses and adequately preparing potential pre-trial motions.

As noted in the Court's hearing on January 22, 2024, the Court set a trial date for October 29, 2024 and a motion deadline for the parties of September 9, 2024. .

Dated this 24th day of January 2024

_____
JARED C. BENNETT
United State Magistrate Judge